# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

   Plaintiff,

  v.

                                    Criminal CR**. 22-266 (FAB)**

LUIS RAMON RODRIGUEZ-
GONZALEZ

   Defendant.

## DEFENDANT'S LUIS RAMON RODRIGUEZ-GONZALEZ
## SENTENCING MEMORANDUM

**TO THE HONORABLE FRANCISCO A. BESOSA**
**JUDGE OF THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO:**

**NOW COMES** Defendant Luis Ramón Rodriguez-Gonzalez, through the undersigned counsel and respectfully submits the following Sentencing Memorandum with respect to his upcoming sentencing hearing.

1.     Mr. Luis Ramón Rodriguez-Gonzalez, his brother and another defendant, were the subject of a Six-Count Indictment rendered by the District of Puerto Rico stemming from the same set of facts.

2.     **Count One** charges the defendants with conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C. §§ 70503(a)(1) and 70506(b).

1

3.  **Count Two** charges that on the same period of time , on the high seas, elsewhere and within the jurisdiction of this Court, Mr. Rodriguez and his co-defendants, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, aboard a vessel subject to the jurisdiction of the United States. All in violation of 46 U.S.C.§ 70503(a)(1), and 18 U.S.C. § 2.

4.  **Count Three** charges that during the same period of time, from the countries of Colombia, Venezuela, the Dominican Republic and elsewhere, Mr. Rodriguez-Gonzales and his two codefendants conspired to import into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

5.  **Count Four** charges the defendants, aiding and abetting each other, intentionally and knowingly imported into the United States, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation 21 U.S.C. §§ 952(a), 960(a), 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

6.  **Count Five** charges the defendants with conspiracy to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance.  All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii), and 846.

2

7.  **Count Six** charges the defendants, aiding and abetting each other, did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug-controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii) and 18 U.S.C. § 2.

8.  **On January 17, 2023, Mr. Rodriguez and his brother Pablo X. Rodriguez-Gonzalez, pled guilty to the Indictment pursuant to a straight plea.**

9.  With the benefit of a pre-sentence report we hereby present our sentencing memorandum which should help the Court sentence Mr. Rodriguez-Gonzalez to a sentence, sufficient but not greater than necessary to comply with the sentencing factors mentioned in section 18 USCA 3553.

10. The Presentence Investigation Report ("PSR") concluded that under USSG §2D1.1(c)(2), an offense involving possession with intent to distribute at least at least 150 KG but less than 450 KG of Cocaine, a base offense level of **36** is established. *95, page7 paragraph 27.*

11. After deducting three levels for acceptance of responsibility, a **Total Offense Level of 33 was determined**. *See PSR, page 8, paragraph 36.* Based upon a total offense level of 33 and a criminal history category of I, the **guideline imprisonment range is 135 to 168 months**. *PSR, page 11, paragraph 68.*

12. *The report contains no* **Adjustment for Role in the Offense.** *See PSR, page 7, paragraph 30.*

**13.** That said, USSG §3B1.2 (b) provides that if the defendant was a minor participant in any criminal activity, decrease by **2** levels. In cases falling between (a)

3

and (b), decrease by **3** levels.

Application Note 3 (A) to USSG Section 3B1.2, related to the applicability of the adjustment for minor role, reads as follows:

"A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline. **For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline.**"

Application Note 3 (A) further provides a non-exhaustive list of factors to be considered by the court when making a determination as to its applicability. of the minor role adjustment:

(C) <u>Fact-Based Determination</u>. —The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the case.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i)     the degree to which the defendant understood the scope and structure of the criminal activity.

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity.

(iii)   the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority.

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts.

(v)     the degree to which the defendant stood to benefit from the criminal activity.

14.    A defendant who does not have a proprietary interest in criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

15.    The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

16.    Mr. Rodriguez-Gonzalez  participation in the offense from the perspective of each of said factors reflects the following:

**(i) The degree to which the defendant understood the scope and structure of the criminal activity**.

Mr. Rodriguez's knowledge as to the scope and structure of the criminal activity is practically none. He was hired to perform a specific act, that is, to assist in the transportation of the narcotics.

**(ii) The degree to which the defendant participated in planning or organizing the criminal activity**.

Mr. Rodriguez did not participate in the planning or organizing the criminal activity other than assisting in the transporting of the narcotics to be delivered.

**(iii) The degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority**.

Mr. Rodriguez did not exercise decision-making authority or influenced the exercise of decision-making authority in the commission of the offense. He was hired to participate in the delivery of the narcotics; he was hired for a specific purpose.

**(iv) The nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts**.

The nature and extent of Mr. Rodriguez's participation in the commission of the offense was limited to assist in the transportation and delivery of the narcotics. He had no other role nor had any discretion in performing those acts. He was not the owner of the vessel where the narcotics were been carried, he had no discretion to

whom the narcotics were to be delivered and further distributed, no discretion as to the final price of the narcotics.

**(v)     The degree to which the defendant stood to benefit from the criminal activity.**

Mr. Rodriguez was promised a specific amount of money to assist in the transportation of the narcotics. The benefit he was going to receive was not contingent or depended upon any further act, like the price to be revied from the sale of the narcotics.

17.     Applying said factors to Mr. Rodriguez's participation in the offense charged leads to the conclusion that he was a minor participant. Therefore, pursuant to USSG Section 2D1.1(a)(5)(ii), **his Base Offense Level of 36 should be reduced 3 levels to level 33**. Under Application Note 6 of **USSG §3B1.2 (b),** the court also shall apply the appropriate adjustment under this guideline, that is, the 2-level decrease under **USSG §3B1.2 (b**), for a **Total Offense Level of 31**.

18.     After deduction 3 levels for acceptance of responsibility, **a Total Offense Level of 28 is determined**. **A Total Offense Level of 28 combined with a Criminal History Category of I yield a guideline imprisonment range of 78 to 97 months. However, there is a statutory minimum of 120 months.**

**19.**     The instant Sentencing Memorandum is submitted in support of a sentence **of no more than 120 months**, the statutory mandatory minimum.

20.     The defense submits that a sentence of no more than **120 months of imprisonment, the statutory minimum,** is a **reasonable sentence** and not more than necessary to comply with the goals of sentencing, considering the nature and

circumstances of the offense and Mr. Rodriguez's personal history and characteristics.

**DEFENDANT'S PERSONAL HISTORY AND CHARACTERISTICS**

21.     These are well covered in the PSR report therefore, we will not repeat them, but we would like to point out and bring to the attention of this Honorable Court the following:

22.     That for the past 10 years, Mr. Rodriguez has been working as a self-employed barber, earning $200.00 weekly.

23.     That the defendant was placed in a special education program, since he started attending school and has only completed an 8th grade education, he also received occupational and speech therapy.

24.     The defendant, since age 18 suffers from anxiety and panic attacks. As stated in the PSR, He added that when it started, he told his parents because he thought he was going to die because he was not able to breath. Any time he felt this way, his parents rushed him to the hospital.

25.      On one occasion, he was referred to Psychiatric Hospital Capestrano, Cabo Rojo, PR. He was under observation for 24 hours and was prescribed with Clonazepam and Zoloft. He stopped taking medication after 5 or 6 months because it made him feel more anxious. At approximately age 19, he attended an APS clinic.

26.     At age 15, Mr. Rodriguez experimented with marihuana for approximately 1 year. Nevertheless, he did not like the effect and stopped smoking. He indicated that currently, he drinks from 10 to 15 alcohol drinks daily. He is willing to receive treatment.

27.     During his interview with the Probation Officer, Mr. Rodriguez accepted responsibility for his participation in the offense. Mr. Rodriguez indicated that he engaged in the offense because he was going through financial hardship and was ignorant. He wanted to move forward in life and instead he went backwards; he recognized that he made a mistake and expressed his repentance indicating that if he was able to turn back time, he would and he would never commit this offense. Moreover, he realized that what is important in life is his family. He would like the Court to take into consideration that he made a mistake and is repentant for his wrongdoing, that he would like to serve his sentence and return with his family as soon as possible.

28.     Mr. Rodriguez is a first-time offender. He is a humble, respectful individual who has always resided in the same community. His involvement in the instant offense came as a surprise to his family. However, he has the unwavering support of his family, an important factor in his rehabilitation. He has always been gainfully employed. He enjoys staying at home, spending time with his family, He has a high school diploma and would like to complete courses in marine mechanics and English as a Second Language.

29.     Taking in consideration Mr. Rodríguez's personal history and characteristics, a sentence **of no more than 120 months, the statutory mandatory minimum, fully** accounts for all the offense conduct in this case and is   sufficient but not more than necessary to comply with the goals of sentencing, considering the nature and circumstances of the offense, Mr. Rodriguez peripheral role, and the fact that this is his first arrest and conviction.

30.  Finally, Mr. Rodriguez respectfully requests from the court:

1. A recommendation that he allowed participate in the drug and alcohol rehabilitation program.

2. A recommendation to serve the sentence at Coleman, Florida with his brother

3. A recommendation to participate in courses in marine mechanics and English as a Second Language

4. That he be allowed to voluntary surrender at the institution designated by the Bureau of Prisons once he is notified, at his own cost.

**WHEREFORE** for the foregoing reasons Mr. Mr. Rodriguez-Gonzalez respectfully requests this Honorable Court to take notice and consider all the sentencing factors and information herein made available and to make the above-mentioned recommendation.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 25th day of July 2023.

S/Edwin E. León León

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and exact copy of this document been on this same date filed through the Clerk of Court's electronic filing system which would electronically send a copy of this document to all interested parties/attorneys.

S/Edwin E. León León
Estudio Legal 2153
Calle Loiza 2153 Suite 1 Altos
San Juan, Puerto Rico 00913-4512
Tel. 787-661-2200
Fax 787-909-0656
USDCPR Bar 218206
eleonleon@hotmail.com